## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLENN BURDETTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 1:20-cv-365** |
| **v.** | ) | |
| | ) | |
| **WERNER COMPANY,** | ) | |
| **WERNER COMPANY, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

**COMES NOW** Werner Co., incorrectly designated in plaintiff's Complaint as "Werner Company," and "Werner Company, Inc." ("Defendant"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Glenn Burdette in the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice, Defendant shows the following:

### A.    PROCEDURAL BACKGROUND

1.    This case was commenced by Plaintiff on June 14, 2020, in the Circuit Court of Mobile County, Alabama, Case No. 02-CV-2020-901295.00. The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.      Service of process was issued to Defendant on June 15, 2020. Defendant received a copy of the Summons and Complaint on or about June 22, 2020.  (Exhibit A).

3.      This Notice of Removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.      This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.      Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Mobile County, Alabama as required by 28 U.S.C. § 1446(d).

## B.      DIVERSITY OF THE PARTIES

6.      Plaintiff is a resident and citizen of the State of Alabama. (Exhibit A-Complaint).

7.      Defendant, Werner Company, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. (See Defendant's Answer to Complaint filed contemporaneously with this Removal Notice).

8.      Thus, complete diversity of citizenship exists between Plaintiff and Defendant in this case.

9.      Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C.      AMOUNT IN CONTROVERSY

10.     In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs.  28 U.S.C. § 1332(a).

11.     The Complaint does not specify a dollar amount of damages.  (Exhibit A - Complaint). However, it does state that "[t]he amount in controversy exceeds the jurisdictional amount of this Court." (Exhibit A – Complaint).

12.     When the Complaint does not specify a dollar amount for damages, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).  However, in finding that the case more likely than not has over $75,000 in controversy, the Court may use their judicial experience and common sense in determining whether the case stated in a Complaint meets the amount in controversy through reasonable deductions, reasonable inferences or other reasonable extrapolations.   *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010).

13.     Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, __ U.S.__, 135 S. Ct. 547, 554 (2014).

14.     Plaintiff has asserted claims of product liability under the Alabama Extended Manufacturer's Liability Doctrine, negligence, wantonness, and breach of implied warranty. (Exhibit A - Complaint).

15.     Plaintiff alleges he suffered personal injury, including 50% of his middle finger being severed as a result of the accident made the basis of this lawsuit. (Exhibit A - Complaint).

16.      With regard to Plaintiff's claimed damages, the Complaint states: "As a result of the incident described above, Plaintiff lost approximately 50% of his middle finger, incurred medical expenses, suffered extreme pain, mental anguish, and emotional distress, and lost wages." (Exhibit A – Complaint).

17.     The Complaint further states that "Plaintiff demands judgment against Werner and/or Fictitious Defendants A-I for general and compensatory damages as well as punitive damages, together with interest from the date of the injury plus costs of this action." (Exhibit A – Complaint).

18.     Plaintiff's Complaint setting forth claims of negligence, wantonness, emotional distress, mental anguish, and seeking punitive damages establishes the requisite amount in controversy. See e.g., *Bush v. Winn Dixie, LLC*, 132 F.Supp. 3d

1317, 1318 (M.D. Ala. 2015) (holding that although the [plaintiff's] complaint contained no ad damnum clause, it is impossible for this court to believe that in today's world the [the defendant], a sophisticated business entity, believed that the amount being sought by [the plaintiff] was less than $75,000 or was so speculative that clarification was needed").

19.    In *Bush v Winn Dixie, LLC*, the Court granted the plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of the plaintiff's Summons and Complaint despite the fact the *Bush* Complaint contained no ad damnum clause and did not specify the alleged body parts that were purportedly injured as a result of the incident.[1]

20.    Relevant to the issue in this case, the Court in *Bush v. Winn Dixie, LLC*, stated:

> Not too many years ago, the fact that a complaint filed in an Alabama court contained no ad damnum would have been an invitation for a defendant to do exactly what Winn Dixie did here. [i.e. – serve request for admissions requesting the plaintiff admit the amount in controversy exceeded $75,000]. But, because federal judges in Alabama in that earlier era were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint, the Eleventh Circuit took corrective steps. That court, which binds this court and every other Alabama federal court, has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who **seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages**, is realistically hoping to recover more than $75,000.

---

[1] The defendant in *Bush* attempted to establish the amount in controversy through the use of requests for admissions rather than relying upon the face of the Complaint.

*Id*. (Emphasis added); See also *Smith v. State Farm and Casualty Co*., 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . .who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart East, L.P*., No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff]. . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000"); *Watts v. SCI Funeral Services, LLC*, 2:19-cv-2019-JHE, 2020 WL 1310559, *5 (N.D. Ala. Mar. 18, 2020) (holding "[e]ven though the complaint does not contain a specific demand, it takes neither speculation nor guesswork to infer that the allegations in it support that the jurisdictional amount is in controversy").

21.    In considering the amount in controversy question, the 11th Circuit Court of Appeals has pointed out that "a removing defendant is not required to prove

the amount in controversy beyond all doubt or to banish all uncertainty about it."
*Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010).

22.    The Court noted that "[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.*

23.    Here, Defendant denies it is liable to Plaintiff for any amount but does not dispute the amount in controversy exceeds $75,000.00.

24.    Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co*., 483 F. 3d 1184 (11th Cir. 2007).

25.    The removal is filed within thirty (30) days from when Defendant was served with the Summons and Complaint and is therefore timely.

## D. CONCLUSION

26.    Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the District and the Division of said Court for Mobile County, Alabama, in which said action is pending, pray that the filing of this

Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the Circuit Court of Mobile County, Alabama, shall effect the removal of this Lawsuit to this Court.

Respectfully submitted this the 21st day of July, 2020.


*s/Robert E. Cooper*
Robert E. Cooper (ASB-8236-C60R)
Justin I. Hale (ASB-5706-T55H)
John K. Pocus (ASB-2048-H28C)
Attorneys for Defendant, Werner Co.



OF COUNSEL:
**STOCKHAM, COOPER & POTTS, P.C.**
505 20th Street N., Suite 1111
Birmingham, Alabama 35203
P:  (205) 776-9000
F:  (205) 776-9099
E:  rcooper@scplaw.net
    jhale@scplaw.net
    jpocus@scplaw.net

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this the 21st day of July, 2020, served the foregoing upon counsel of record for all parties to this proceeding via the CM/ECF system.

Christopher L. George
Christopher L. George, P.C.
P.O. Box 81328
Mobile, Alabama 36689
Phone: (251) 333-2233
Email: cgeorge@cgeorgelaw.com

*s/Robert E. Cooper*
OF COUNSEL
